WARREN, et al, Respondents, v. M. SAMUELS & CO., Appellant.

(230 N. W. 807.)

(File No. 6852. Opinion filed May 10, 1930.)

*Lyon, Bradford & Grigsby,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondents.

POLLEY, J. This action was brought for the recovery of certain money claimed to be due to plaintiff from defendant for the use and occupation of a certain storeroom in the city of Sioux Falls, under the terms of a written lease.

The lease provides for a certain "term commencing on the first

day of February, 1926, and ending at midnight on the 31st day of January, 1931, at the following yearly rental to be paid in equal *monthly payments,* in advance, on the first day of each month, during the term hereby demised. *Twenty One Hundred* ($2,100.00) *Dollars* for and during the first two (2) years of the term of said lease, and at the yearly rent of *Twenty Four Hundred* (2,400.00) Dollars for and during the last three (3) years of said lease.

"*The conditions and covenants of this lease are as follows*s * * * The tenant * * * shall have the right of cancellation after the expiration of two years provided written notice is given sixty days in advance of such cancellation."

The tenant occupied the room in question until some time in the month of September, 1927, when it vacated the premises and, on the 2d day of November, 1927, defendant served notice on plaintiff that it would exercise its right of cancellation of the lease in accordance with the terms thereof, and that: "The cancellation will be in accordance with the right reserved under covenant Seventh in the lease and is to be effective February 1st, 1928."

The trial court found that defendant entered into the possession of said storeroom under the provisions of said lease and made the payments provided for by the terms thereof from the first day of February, 1926, to the first day of February, 1928. That defendant vacated said storeroom sometime during the month of September, 1927, and has not occupied said premises since said date; but that defendant retained the key to said room and control thereof until the 27th day of February, 1928. That defendant did not formally surrender said premises to plaintiff, and did not tender the key to said room to plaintiff until the 27th day of February, 1928, when the said key was tendered to plaintiffs and by them refused; that plaintiffs did not accept said key nor exercise any control over said room until the first day of June, 1928, and that defendant paid no rent after the first day of February, 1928. On the 27th day of February, 1928, defendant wrote plaintiff from Baltimore, Md., that it had been informed by its local manager in Sioux Falls that plaintiff was claiming that the lease was still in force. Defendant then stated in said letter that it had exercised its right of cancellation by its notice given on the 2d day of November, 1927. This letter also stated that:

"We hereby confirm the said cancellation notice, which reads

as follows: (Here followed a copy of the cancellation of November 2nd, hereinbefore referred to, giving notice of cancellation effective February 1, 1928)."

On the 21st day of March, 1928, defendant caused personal service to be made on plaintiff of the following notice:

"This is to notify you that * * * the tenant * * * will exercise its right of cancellation of the lease for the above named premises executed by you * * * and the tenant.

"The cancellation will be in accordance with the right reserved under Covenant Seventh in the lease and is to be effective May 31st, 1928.

"This notice is given without prejudice to lessee's rights under a similar notice of intention to terminate the lease given you by Registered Mail under date of November 2nd, 1927, and by the giving of this notice lessees do not in any manner admit that such prior notice was insufficient or untimely in any respect whatsoever.

"Please acknowledge receipt of this communication."

The court found that the cancellation did not take effect until the first of June, and entered judgment against defendant for the amount of the rent from the first of February to the first of June at the rate of $200 per month, and from this judgment defendant appeals.

■ The trial court was clearly wrong in its interpretation of the cancellation clause in the lease.

It is the contention of the respondents, and the trial court evidently took the same view, that under the cancellation clause in the lease the notice of cancellation could not be served until sixty days after the completion of two full years after the lease went into effect. With this contention we do not agree. It will be noted that the term provided for in the lease is divided into two distinct parts. For the first two years the lease constituted a binding contract on both parties. But for the latter three years it was optional with the defendant whether the contract remained in force or not, and the two years' period fixed in the cancellation clause in the lease relates to the time when the cancellation might become effective rather than the time when the notice of cancellation might be given.

■ The notice of cancellation might have been given at any time after the lease went into effect, but the cancellation could not be effective until two full years after the lease went into effect. We

hold that the defendant had a right to serve the notice of cancellation when it did, and that the notice given by it was sufficient to cancel the lease to be effective on the first day of February, 1928. The question then to be determined is: Did the defendant, by its subsequent conduct, waive its right of cancellation on that date? It is contended by respondent that defendant waived any right it may have acquired by the notice given on the 2d day of November by its failure to deliver to plaintiff the key to the storeroom on or prior to the first day of February, 1928. But with this contention we do not agree. In the first place, plaintiff made no request or demand for the key, and was not damaged in any way by defendant's failure to tender it. In the second place, plaintiff claims that the lease was still in full force on the first of February and it would not have accepted said key if it had been tendered on that day, and the making of such tender would have been a wholly useless act. The reason given for refusing the kay on the 27th of February was that the lease was still in full force.

It is next contended by plaintiff that the giving of the notice by defendant on the 21st day of March amounted to a waiver of any rights that might have accrued to defendant by reason of the giving of any previous notice; but said notice warrants no such inference. It is clear from the face of the notice itself that that notice was given to be effective on the first day of June, only in case that it should be held that no effect was to be given to the notice served on plaintiff on the 2d day of November, 1927. As above quoted, this latter notice contains the following declaration:

"This notice is given without prejudice to lessee's rights under a similar notice of intention to terminate the lease given you by registered mail under date of November 2nd, 1927, and by the giving of this notice lessees do not in any manner admit that such prior notice was insufficient or untimely in any respect whatever."

This provision in the notice is sufficient to show defendant's intention when it was served, and sufficient also to save any rights it may have acquired by virtue of the first notice given.

The judgment appealed from is reversed, and the case is remanded, with directions to enter judgment in conformity herewith.

BROWN, P. J., and SHERWOOD, CAMPBELL, and BURCH, JJ., concur.